MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRC.COM
TERRY W. AHEARN (SBN: 216543)
Email: TAhearn@LRRC.COM
AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRC.com
Lewis Roca Rothgerber Christie LLP
4300 Bohannon Drive
Menlo Park, CA 94025
(650) 391-1380 (Tel.)
(650) 391-1395 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
and RH US, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, and RH US, LLC, a Delaware limited liability company,<br><br>　　Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation,<br><br>　　Defendant. | Case No.: 3:18-cv-00770<br><br>**COMPLAINT** |

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (together, "RH") allege the following:

## NATURE OF THIS ACTION

1. This is an action by RH against Target Corporation ("Target") for patent infringement arising out of Target's infringement of RH's patented furniture designs. Specifically, Target is selling lounge chairs, sofas, armchairs and chaises that infringe four (4) of RH's design patents. RH seeks injunctive relief and damages, including all of Target's profits generated from the sale of the infringing products.

/ / /

## PARTIES

2. Plaintiff Restoration Hardware, Inc. is a Delaware corporation whose principal place of business is located at 15 Koch Road, Corte Madera, California 94925. Restoration Hardware, Inc. is the exclusive licensee of the patents in suit.

3. Plaintiff RH US, LLC is a Delaware limited liability company whose principal place of business is located at 15 Koch Road, Corte Madera, California 94925. RH US, LLC is the owner of the patents in suit.

4. Defendant Target Corporation is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims for patent infringement in violation of 35 U.S.C. § 1, *et seq*.

6. This Court has personal jurisdiction over Defendant because, among other things, Defendant has purposefully directed its activities at residents of the forum, including, upon information and belief, by offering for sale and selling the infringing products to residents of this district. Plaintiff's claims for patent infringement claim arise out of or relate to Defendant's offering for sale and sales of the infringing products in this district. The assertion of personal jurisdiction over Defendant in this district is fair and reasonable.

7. Venue is proper in this district under 28 U.S.C. §1400(b) because Target has committed acts of infringement in this district through the sale and offering for sale of infringing products, and has a regular and established place of business in this district. Venue is proper in the Northern District of this court, San Francisco division.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Rule 3-2(c), this is an Intellectual Property Action assignable on a district-wide basis.

## GENERAL ALLEGATIONS

9. RH is an innovative and popular luxury brand in the home furnishings marketplace. RH designs, manufactures, and sells a wide variety of home furnishings, including outdoor furniture. One of RH's most popular outdoor collections is known as "Provence." Pieces in the Provence collection embody the design in the RH Patents identified in Paragraphs 13-16.

10. RH owns four (4) design patents registered with the United States Patent and Trademark Office for products in its Provence collection including: (a) US D663,966 ("D'966 Patent") for the ornamental design of a lounge chair; (b) US D663,967 (the "D'967 Patent") for the ornamental design of a sofa; (c) US D664,782 (the "D'782 Patent") for the ornamental design of an armchair; and (d) US D651,012 (the "D'012 Patent") for the ornamental design of a chaise (collectively, "RH Patents").

11. The RH Patents are valid and subsisting.

12. RH has practiced the RH Patents in connection with commercialization of the Provence collection.

## LOUNGE CHAIR DESIGN

13. The D'966 Patent claims the ornamental design of a lounge chair as shown in the figures below.


FIG. 1


FIG. 2


FIG. 3




## SOFA DESIGN

14. The D'967 Patent claims the ornamental design of a sofa as shown in the figures below.



/ / /

/ / /

103256202_1    4

# ARMCHAIR DESIGN

15. The D'782 Patent claims the ornamental design of an armchair as shown in the figures below.





# CHAISE DESIGN

16. The D'012 Patent claims the ornamental design of a chaise as shown in the figures below.











**Target's Infringing Conduct**

17. Target owns and operates 1,834 stores in the United States and an ecommerce store at <Target.com>.

18. In or around November 2017, RH learned that Target was selling outdoor furniture under the brand "Smith & Hawken" and the product name "Premium Edgewood" (the "Infringing Products") that are nearly identical to the designs of RH's outdoor furniture covered by the RH Patents.

19. On November 10, 2017, RH sent a cease and desist letter to Target identifying each of the Infringing Products, identifying the RH Patents at issue, and providing a side-by-side comparison of RH's Provence products embodying the designs at issue and the Infringing Products with a link to each listing for the Infringing Products on Target.com.

20. On November 28, 2017, Target responded in a summary manner denying that it was not able to respond because RH "did not explain how any Smith & Hawken product allegedly infringes any of the design patents."

21. On November 29, 2017, RH responded and explained that Target had sufficient information to evaluate RH's claims.

22. On December 8, 2017, Target responded and claimed that RH "provided no reason to believe that an ordinary observer would consider the Smith & Hawken furniture collection and the allegedly patented designs to be substantially the same," did not provide a comparison of the claimed and accused designs with the prior art, and "offered no reason to doubt" that the designs are primarily functional rather than ornamental. Again, Target did not substantively address RH's infringement claims.

/ / /

/ / /

/ / /

/ / /

23. A side-by-side comparison of select figures from the RH Design Patents and Target's Infringing Products is shown in the table below.

| RH's Patented Designs | Infringing Products |
|---|---|
| D'966 | |
| D'967 | |
| D'782 | |
| D'012 | |

7

103256202_1

24. The design of the Infringing Products and the design of RH's Provence sofa and lounge are so similar that it is highly unlikely that Defendant used the design of the Infringing Products without prior knowledge of the Provence designs set forth in the RH Patents.

25. Upon information and belief and despite RH's demands, Defendant has continued to manufacture, use, offer to sell, sell, and/or import into the United States, outdoor furniture that infringes upon the designs set forth in the RH Patents.

**COUNT I**
(Patent Infringement
under 35 U.S.C. § 1, *et seq.*
D'966 Patent)

26. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

27. RH owns the D'966 Patent.

28. Defendant infringed the D'966 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'966 Patent.

29. RH did not authorize Defendant's conduct.

30. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case.

31. RH has suffered and continues to suffer actual damages and irreparable injury as the result of Defendant's conduct.

**COUNT II**
(Patent Infringement
under 35 U.S.C. § 1, *et seq.*
D '967 Patent)

32. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

33. RH owns the D'967 Patent.

34. Defendant infringed the D'967 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'967 Patent.

35. RH did not authorize Defendant's conduct.

36. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case.

37. RH has suffered and continues to suffer actual damages and irreparable injury as the result of Defendant's conduct.

**COUNT III**
(Patent Infringement
under 35 U.S.C. § 1, *et seq.*
D'782 Patent)

38. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

39. RH owns the D'782 Patent.

40. Defendant infringed the D'782 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'782 Patent.

41. RH did not authorize Defendant's conduct.

42. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case.

43. RH has suffered and continues to suffer actual damages and irreparable injury as the result of Defendant's conduct.

**COUNT IV**
(Patent Infringement
under 35 U.S.C. § 1, *et seq,*
D'012 Patent)

44. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

45. RH owns the D'012 Patent.

46. Defendant infringed the D'012 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'012 Patent.

47. RH did not authorize Defendant's conduct.

48. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case.

49. RH has suffered and continues to suffer actual damages and irreparable injury as the result of Defendant's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, RH requests that the Court enter:

A. A preliminary and permanent injunction prohibiting Defendant and its officers, agents, servants, and those persons in active concert or participation with them from directly or indirectly infringing RH's rights in the RH Patents, including, without limitation, Defendant's manufacturers and suppliers;

B. Judgment in favor of RH and against Defendant for damages adequate to compensate RH for Defendant's infringment of the RH Patents, which shall be trebled as a result of Defendant's willful patent infringement, pursuant to 35 U.S.C. § 284, or an award of Defendant's profits from its infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgement interest and costs;

C. Judgment in favor of RH and against Defendant for RH's costs and attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

D. Judgment in favor of RH and against Defendant for such other relief as the Court deems just, equitable, and proper.

///
///
///
///

DATED February 5, 2018

Respectfully submitted,

By:  /s/ Michael J. McCue
MICHAEL J. MCCUE
TERRY W. AHEARN
AARON D. JOHNSON
Lewis Roca Rothgerber Christie LLP
4300 Bohannon Drive, Suite 230
Menlo Park, CA  94025
(650) 391-1380 (Tel.)
(650) 391-1395 (Fax)
E-mails: MMcCue@LRRC.com
             TAhearn@LRRC.com
             ADJohnson@LRRC.com

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
and RH US, LLC

103256202_1